## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. ELH-22-141 |
| BRANDON GLEN JACKSON | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN IRRELEVANT AND PREJUDICIAL EVIDENCE

Mr. Brandon Glen Jackson, by and through his attorneys, Cynthia A. Frezzo and Andrew R. Szekely, Assistant Federal Public Defenders, respectfully moves this Honorable Court, pursuant to Federal Rules of Evidence 401, 402, and 403, to preclude the government from introducing at trial (1) any evidence regarding the political reasons for Mr. Jackson's presence in Maryland on the date of the offense (namely, any mention of the "Freedom Convoy" and any activities in relation thereto); (2) Mr. Jackson's post-arrest statements; and (3) any evidence pertaining to the search of his vehicle.

## FACTUAL BACKGROUND

Mr. Jackson is charged in a one-count indictment with transporting a firearm in interstate commerce while under indictment, 18 U.S.C. §922(n). The offense is alleged to have occurred on March 24, 2022. Prior to the offense date, Mr. Jackson traveled to Hagerstown, Maryland, to participate in the "Freedom Convoy" protest. Members of this protest organized an encampment at the Hagerstown Speedway, where Mr. Jackson joined and also camped in the days leading up to his arrest. The "Freedom Convoy" convened in Hagerstown with the stated and publicized goal of protesting vaccine mandates. Although the convoy never blocked traffic on the Washington, D.C. Beltway (Route 495), some members of the convoy threatened to do so, and this was

publicized throughout the Washington Metropolitan area.[1] As a result, the group drew significant media attention, particularly for its actual or threatened disruption of vital traffic routes throughout the Washington, D.C. metropolitan area, including in the District of Maryland.[2]

Mr. Jackson was arrested on-scene by members of the Maryland State Police ("MSP"), who seized the firearm that forms the basis of this prosecution. MSP seized the firearm from Mr. Jackson's person. At the time of the seizure, Mr. Jackson was some distance away from his vehicle – which was later seized and towed by law enforcement. Members of MSP later obtained a warrant to search the car. During the execution of the search warrant, police seized a small amount of cannabis, a vape pen with a THC cartridge, a glass smoking device with suspected cannabis residue, and a second firearm with ammunition. This firearm is not the subject of any charges. After the execution of the search warrant, MSP learned that the second firearm was purchased and belonged to a female companion—not Mr. Jackson. Additionally, members of MSP learned that individuals other than Mr. Jackson had had access to the car and its contents, and had in fact moved the car in the time between Mr. Jackson's arrest and the ultimate search of the vehicle.

Mr. Jackson was originally arrested by MSP and was in primary state custody at the Washington County Detention Center beginning March 24, 2022. On or about March 30, 2022, Mr. Jackson was moved into federal custody. Prior to transportation, a federal agent read Mr.

---

[1] Silverman et al., *'Freedom Convoy' Spinoff Rallies in Md. with about 1,000 Vehicles and Plans to Drive around the Capital Beltway*, THE WASHINGTON POST, 5 Mar. 2022, available: https://www.washingtonpost.com/dc-md-va/2022/03/05/peoples-convoy-protest-hagerstown/ ("The possibility of caravans of truckers heading to the Beltway has prompted security concerns, drawing in police agencies from D.C., Maryland and Virginia to monitor the group…. Officials across the region advised drivers to be prepared for potentially severe traffic through the weekend.").
[2] *See id.*; *see also* Julia Jester and Doha Madani, *'Trucker Convoy' Drives Laps around D.C. Beltway*, NBC NEWS, Mar. 6, 2022, available: https://www.nbcnews.com/politics/politics-news/trucker-convoy-drives-laps-dc-beltway-rcna18916; Andrew Beaujon, *The Trucker Convoy Has Given up on DC Again. We Tried One Last Time to Find Out What They Wanted*, Washingtonian Magazine, 20 May 2022, available: https://www.washingtonian.com/2022/05/20/trucker-convoy-hagerstown-leaving-dc-again-what-did-they-want/.

Jackson his *Miranda* rights. During his transport from the Washington County Detention Center to the federal courthouse in Baltimore, Maryland, Mr. Jackson is alleged to have made a number of statements pertaining to the "Freedom Convoy," the Boogaloo Boys organization, and his personal history with law enforcement, as well as his political opinions and beliefs regarding a range of subjects.

## APPLICABLE LAW

Federal Rule of Evidence 402 bars the admission of non-relevant evidence. To be admissible, evidence must have "any tendency to make a fact more or less probable than it would be without evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The test for relevance in a criminal case is whether the item of evidence tends to prove a matter "properly provable in the case." Fed. R. Evid. 401 Adv. Comm. Note.

Rule 403 precludes the admission of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Rule calls for "weighing the need of admission against potential harms." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). "When the harmful component becomes unduly prejudicial, a court should exclude it from consideration by the jury." *Id*.

## ARGUMENT

Mr. Jackson is charged only with transporting a firearm in interstate commerce while under indictment—the firearm seized from his person, *not* the firearm seized from his car. The fact of his protest activity, his reasons for being in Maryland, or other political activities surrounding his presence at the Hagerstown Speedway have absolutely no bearing on the charge and elements at issue in this case. Additionally, such evidence is likely to inflame the prejudices of the jury, in

3

addition to confusing the fact-finder from the issues that lie at the heart of this case. The same is true of the evidence seized from his car; Mr. Jackson is not charged with anything pertaining to this evidence, and its admission provokes inevitable prejudice and distraction to the jury. Introduction of all the above evidence will also result in waste of time.

To begin, introducing evidence regarding the political events surrounding Mr. Jackson's presence in Maryland invites the jury to consider a range of irrelevant and prejudicial factors: did Mr. Jackson plan to harm someone with that firearm; did Mr. Jackson come to Maryland with a particular political agenda that endangered the community; is Mr. Jackson hostile to the federal government such that he should be convicted in this case? These are all questions that will be raised by this evidence, which risk unfair prejudice, misleading the jury, and possibly causing the jury to confuse the issues. At least one other District Court in the Fourth Circuit has excluded such evidence (pertaining to a person's political beliefs) on 401 and 403 grounds. *United States v. Kumar*, 2019 WL 1387687 at FN 4 (E.D.N.C. 2019) (granting a defense motion to exclude at trial "materials found at defendant's residence which will be used to characterize defendant as a 'prepper', or that he is in any way hostile to the federal government, including, but not limited to, any reference to the show 'InfoWars' or Alex Jones, or any paraphernalia found relating thereto."). The Court should do the same here.

The same is true with respect to Mr. Jackson's post-arrest statements to law enforcement. These statements cover a host of issues outside the scope of the elements at issue in this trial. And they involve topics that could easily distract, prejudice, and bias the fact-finder. For example, these statements include Mr. Jackson's political opinions regarding the Freedom Convoy, Mr. Jackson's own political beliefs and affiliations with various right wing and libertarian groups, as well as his opinions on various national political events and criminal investigations. The

statements also necessarily reference the fact of Mr. Jackson's prior arrest in Arizona (the charges that form the basis of the 922(n) charge) as well as his custodial status at the time the statements were given (during his transport from state custody into federal custody). Mr. Jackson's post-arrest statements are therefore inadmissible under Federal Rules of Evidence 401 and 402. Rule 403 serves as an alternative and appropriate basis to exclude these statements as well, which carry the likelihood of causing prejudice, waste of time, and confusion to the fact-finder.

Finally, because Mr. Jackson is not charged with any crimes relating to the items seized from his vehicle, that evidence should likewise be excluded as irrelevant, as it is not probative whatsoever of the sole count contained in the Indictment. In the unlikely event that the Court does deem the evidence relevant, it should nonetheless be excluded under Rule 403, as it poses undue risk of prejudice, waste of time, and confusion to the jury.

## CONCLUSION

WHEREFORE, Mr. Jackson moves this Court to exclude from trial (1) any evidence regarding the political reasons for Mr. Jackson's presence in Maryland on the date of the offense (namely, any evidence relating to the "Freedom Convoy" and any activities in relation thereto); (2) Mr. Jackson's post-arrest statements; and (3) any evidence pertaining to the search of his vehicle.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

      /s/
CYNTHIA A. FREZZO #817358
ANDREW R. SZEKELY #16407
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: cynthia_frezzo@fd.org
Email: andrew_szekely@fd.org