**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. ELH-22-141** |
| **BRANDON GLEN JACKSON** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MOTION *IN LIMINE* TO ADMIT TRANSCRIPT
## IN SUPPORT OF ENTRAPMENT BY ESTOPPEL DEFENSE

Mr. Brandon Glen Jackson, by and through his attorneys, Cynthia A. Frezzo and Andrew R. Szekely, Assistant Federal Public Defenders, respectfully moves this Honorable Court to admit the attached proposed exhibit.

Mr. Jackson is charged in a one-count indictment with transporting a firearm in interstate commerce while under indictment, 18 U.S.C. §922(n).  Mr. Jackson was arrested by the Maryland State Police on March 24, 2022.  At the time, Mr. Jackson possessed a handgun on his person, and had admitted as much to at least one member of law enforcement prior to his arrest.  Prior to March 24, 2022, Mr. Jackson had lawfully purchased the firearm at issue in this case.  Subsequent to that purchase, Mr. Jackson was indicted in Maricopa County, Arizona, for various charges in an unrelated state proceeding.  During the pendency of that indictment (which was ultimately dismissed), Mr. Jackson is alleged to have traveled to the state of Maryland with the aforementioned firearm in violation of 18 U.S.C. § 922(n).

On August 20, 2021, Mr. Jackson appeared in the Superior Court of Maricopa County, Arizona, for a settlement conference on the aforementioned charges.  Following a discussion of the charges, of various state regulations and federal regulations regarding the possession of firearms, and namely Mr. Jackson's right to possess a firearm, Mr. Jackson was informed by both his trial counsel and the judge presiding over his case that he was not prohibited from possessing a firearm.  The relevant portion is attached as Exhibit 1, and included below:

9          THE COURT:  Sometimes -- well, actually one isn't

10   contingent on the other.  Even if it is not designated a

11   misdemeanor, at some point in the future you always have the

12   right to ask to have your civil rights restored and then that

13   is up to the judge, even if it weren't designated as a

14   misdemeanor.

15          THE DEFENDANT:  And if I am currently being

16   considered a prohibited possessor?

17          MS. BELL:  No, you are not a prohibited possessor

18   right now.

19          THE DEFENDANT:  Well, according to the FBI I am.

20          MS. BELL:  I am not sure of that.

21          THE COURT:  Your -- well, your release conditions

22   might prohibit you from possessing weapons.

23          MS. BELL:  There is no -- but there is no federal

24   case.  This got split three different courts, actually.  The

25   Phoenix dismissed the driving on a suspended license charge

1    because that was issued by a justice court when the summons

2    returned undelivered after a scratched case.  They scratched

3    that.  So the justice court dropped the -- that.  The Phoenix

4    dropped the suspended license charge.

5              And then there was trespass on federal property for

6    the stickers, right?

7              THE DEFENDANT:  Yeah.  They dropped that.

8              MS. BELL:  That got dropped.  And I guess somehow

9    his ability to purchase firearms is blocked by the federal

10   government.  But that is not in the court stuff.

11             THE DEFENDANT:  Yeah, the FBI blocked me from

12   purchasing weapons and stuff currently.

13             MS. BELL:  Yes, but legally speaking you are not

14   violating -- you wouldn't get a Class 4 like Wesley Temple did

15   because you don't have a felony conviction prohibiting you

16   from owning a gun.

17             Correct?

18             THE COURT:  Correct, but if he pleads guilty --

19             MS. BELL:  Then you will.  But as of you sit right

20   now --

21             THE COURT:  Yes.

22             MS. BELL:  -- you are not a Class 4.  You are not

23   violating misconduct involving a weapon because of the --

24             THE COURT:  Yes, you are not a prohibited possessor

25   right now unless there is some conviction that we don't know

```
kf                                                                    30
  1    about.

  2              MS. BELL:  None?

  3              THE DEFENDANT:  No.

  4              THE COURT:  They might have flagged you for -- in

  5    some federal database because of the trespass on the FBI

  6    property, but you are not a --

  7              MS. BELL:  Or maybe the pending charges.

  8              THE COURT:  You are not a -- legally, you are not a

  9    prohibited possessor, legally speaking.

 10              THE DEFENDANT:  Well, okay.
```

Although most criminal defendants are prohibited from asserting a mistake of law defense at trial, the increasing complexity of the legal system has warranted numerous courts' recognition of a defense of entrapment by estoppel.[1]  This defense allows a defendant to "seek[ ] exoneration based on the fact that he reasonably relied on the authority of a government official to engage in a covert activity."  *United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001).  The defendant's reliance on said governmental authority must be objectively reasonable, and the official must possess actual legal authority.  *Id.* at 253-54.

The United States District Court for the District of Colorado permitted the defendant to raise such a defense in *United States v. Brady*, 710 F. Supp. 290 (D. Colo. 1989).  In *Brady*, a state

---

[1] This defense is well-recognized, but has gone by many different names.  *See*, *e.g.*, *United States v. Timmins*, 464 F.2d 385 (9th Cir. 1972) ("official misleading"); *United States v. Lansing*, 424 F.2d 225 (9th Cir. 1970) ("quasi-entrapment"); *People v. Studifin*, 504 N.Y.S.2d 608 (N.Y.Sup. Ct. 1986) ("executive estoppel"); *Miller v. Com.*, 25 Va. App. 727 (1997) ("due process defense").

judge advised Brady, who had previously been convicted of a felony, that he could legally possess

firearms in connection with a business he was then-operating.  Subsequent to this advisement, as

in the case against Mr. Brandon Jackson, the federal government obtained an indictment charging

Brady with violating certain federal firearms laws (in that case, for being a felon in possession of

a firearm).  After a bench trial, the District Court applied the defense of entrapment by estoppel

and found Brady not guilty, writing:

> The better view is that the defense is not based on the government being bound by the
> conduct of its agents, but rather, the fundamental unfairness of punishing a defendant
> for conforming his conduct to an erroneous interpretation of the law by a judge having the
> power to confine him.  Since the United States had given the state and federal courts a joint
> role in applying the Constitution and laws of the United States, a person is entitled to rely
> on a state court's views of federal law.  *Id.* at 296.

Similar to *Brady*, Mr. Jackson should be entitled to argue these facts and present the same to his

jury.  To rule otherwise would be fundamentally unfair to Mr. Jackson, whose right to put on a

defense and to due process is enshrined in the Constitution.  *See id.* ("The due process defense is

available even for a crime like this where there is no requirement of proof that the defendant knew

he was committing a crime.").

Additionally, the transcript of the August 20, 2021 hearing provides direct evidence

negating willfulness, which is a requisite element that the government must prove beyond a

reasonable doubt.  To act "willfully" means to act with knowledge that one's conduct is unlawful

and with the intent to do something the law forbids, that is to say "with the bad purpose to disobey

or to disregard the law."  Sand, Siffert, *Modern Federal Jury Instructions*, 3A-3.  Sand's *Modern*

*Federal Jury Instructions* further propounds that a defendant's conduct is not "willful" if it was

due to negligence, inadvertence, or mistake.  *Id.*  The advisements that Mr. Jackson received at the

August 20 hearing (from both his lawyer, and more importantly, from the judge presiding over his

case) negate his criminal intent and bear directly upon the issue of willfulness. The Court should therefore admit the exhibit because it goes to a factual issue at the heart of this prosecution.

Lastly, the Fourth Circuit has long recognized that mistake of fact is a cognizable defense to an offense requiring knowledge. *See United States v. Fuller*, 162 F.3d 256, 262 (4th Cir. 1998). The Court should permit Mr. Jackson to assert the mistake of fact that he relied upon – that the status of his case in Arizona did not prohibit him from possessing a firearm. The government certainly will be free to argue that Mr. Jackson's mistakes and his reliance thereon were not reasonable; that the same did not negate criminal intent; or any of the many arguments it will surely have in its toolkit. At its most basic level, though, Mr. Jackson should not be precluded from setting these facts before a jury and fully presenting his defense at trial.

WHEREFORE, Mr. Jackson moves this Court to admit the attached exhibit at trial (subject to any additional redactions)s and permit Mr. Jackson to argue a defense of entrapment by estoppel.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
CYNTHIA A. FREZZO #817358
ANDREW R. SZEKELY #16407
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976

Email: cynthia_frezzo@fd.org
Email: andrew_szekely@fd.org