IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| v. | *   Criminal No. 22-cr-0141-ELH |
| **BRANDON GLEN JACKSON,** | * |
| **Defendant.** | * |

* * * * *

**GOVERNMENT'S NOTICE OF
<u>POSSIBLE BREACH OF PRETRIAL AGREEMENT</u>**

COMES NOW the United States of America, by and through its undersigned attorneys, to provide notice of a potential breach of the pretrial agreement by Defendant Jackson.

1. On October 3, 2023, Jackson plead guilty to Count One of the Indictment, pursuant to a plea agreement. ECF 98. Paragraphs 14 and 15 address Defendant's conduct prior to sentencing and conduct that might constitute a breach. Specifically, paragraph 14 reads in part:

> Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any *federal*, state, or local law . . . . (*emphasis added*)

Paragraph 15 states:

> If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement; and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea if the if the Court finds that the Defendant

breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein.

2. On November 21, 2023, United States Probation Officer Scott Holtzer notified the court and parties of Jackson's eighth violation of the conditions of his pretrial release, to wit: admitted use of marijuana. The government acknowledges that recreational use of marijuana is permitted in Arizona, where Jackson is on release. Also, the Department of Justice is not prosecuting simple use and possession of marijuana, even though it remains a violation of 21 U.S.C. § 844(a).

3. However, while undersigned counsel does not have transcripts of the various hearings held to address Jackson's repeated violation of release conditions, the government is confident that the presiding United States Magistrate Judge firmly admonished the defendant about strict adherence to all laws—including minor drug use.

4. Obviously, the decision about whether this conduct constitutes a breach of the plea agreement is for the court to decide. But, considering the conditional nature of Jackson's plea, the relatively lenient sentencing recommendation contemplated by the agreement, and the defendant's multiple violations of pretrial release conditions, the government feels it is appropriate to provide this notice well before sentencing.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: *P. Michael Cunningham* (signature)
P. Michael Cunningham
Assistant United States Attorney